**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John W. LEWIS, Defendant-Appellant.**

**No. 76–2256.**

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 17, 1977.

Decided June 2, 1977.

---

James R. Jenkins, Federal Defender, John W. Tapp, F. Randall Karfonta, William L. Woodard, Detroit, Mich., for defendant-appellant.

Philip M. Van Dam, Sharon Edwards, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Defendant-appellant John W. Lewis was found guilty of stealing a check that had come into his possession while he was performing his duties as a postal employee, in violation of 18 U.S.C. § 1709. Appellant now appeals his conviction on the ground that the district court erred when it denied, after a pretrial evidentiary hearing, appellant's motion to suppress certain exculpatory statements that he had made to postal inspectors during the early stages of the investigation of the stolen check and when it admitted into evidence at trial the contested statements.

The district court made findings of fact when ruling on appellant's motion to suppress evidence. According to the district court, in August, 1974, the Michigan Department of Social Services mailed a check to a Robin Brown. The check was endorsed with the handwritten names of Robin Brown and appellant and was cashed at a bank. After the payee Robin Brown filed an affidavit of non-receipt of the check, the Michigan Department of Social Services forwarded a photostatic copy of the check to postal inspectors in Detroit for investigation. Postal inspectors investigated the identity of appellant and discovered that he was a U.S. Postal Service employee, a carrier whose route included the address of Robin Brown.

Postal inspectors then sought to contact appellant, and a meeting was arranged by telephone at a time convenient for appellant. On November 20, 1974, appellant voluntarily went to the Postal Inspectors' Office where he and two postal inspectors discussed the check. Prior to any discussion, one of the inspectors read to appellant his constitutional rights and presented him with a form on which the signer acknowledged understanding his rights and waived

them. In explaining to appellant his rights, a postal inspector told him that, although the waiver form said that he was willing to discuss the matter and did not want an attorney present at this time, appellant was not giving up all his rights. Appellant was asked if he understood his rights, and appellant stated that he did. Appellant then signed the waiver form. During the meeting that followed, appellant made wholly exculpatory statements. At the end of the interview, appellant left the Postal Inspectors' Office. It was not until October 14, 1975, nearly eleven months later, that appellant was indicted.

The district court determined that appellant's exculpatory statements were voluntarily given and hence admissible at trial. On appeal, appellant contends that the statements made at the November 20, 1974, meeting with the postal inspectors should have been suppressed because they were taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant argues that, under the dictates of *Miranda,* he did not voluntarily, knowingly, and intelligently waive his rights to remain silent and to the presence of counsel and that such a waiver was required before statements made by him could be admissible in court because the November 20, 1974, questioning of him by the postal inspectors was a custodial interrogation calling for the application of *Miranda.* Appellant does not argue, and could not argue, that absent the burden placed on the government by *Miranda* to prove a voluntary, knowing, and intelligent waiver of rights, the statements were still not voluntarily given.

■ We affirm appellant's conviction. We hold that under the Supreme Court's decision in *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), and *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), appellant was not subject to a custodial interrogation at the November 20, 1974, meeting with postal inspectors and that, in the context of a non-custodial interview,

the statements made by appellant and used at trial were voluntarily given.

■ *Oregon v. Mathiason, supra,* and *Beckwith v. United States, supra,* further defined what *Miranda v. Arizona, supra,* meant by a "custodial interrogation." The determination of whether such a "custodial interrogation" occurred is critical because without a "custodial interrogation," the full warnings outlined in the *Miranda* opinion need not be given. *Oregon v. Mathiason, supra; Beckwith v. United States, supra.*

In *Beckwith,* federal revenue agents interviewed the petitioner Beckwith in a private home where he occasionally stayed. Beckwith was advised that under the Fifth Amendment he could not be compelled to answer questions, that he could give information which could be used against him, and that he could seek the assistance of counsel before answering questions. Beckwith was interviewed for several hours in what was described as a friendly conversation. He was not under arrest. Later in the day, at his place of employment, Beckwith supplied certain records to the agents, after being advised that he did not have to turn over the records. When Beckwith was brought to trial, he sought to suppress all statements from that first meeting with the agents and all evidence derived from the statements. The Supreme Court held that the statements made to the federal revenue agents at the meeting in the home and evidence derived from the statements were admissible, even though the full *Miranda* warnings were not given, because Beckwith had not been in a custodial interrogation at the time of the meeting. The Supreme Court acknowledged that the "focus" of the investigation may have been on Beckwith and that the questioning was the "starting point" for the criminal prosecution, but the elements that the *Miranda* Court found inherently coercive were determined not to have been present.

In *Oregon v. Mathiason, supra,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714, the defendant Mathiason called a state police

officer, after receiving a note from the officer asking him to call, and arranged a meeting at a state patrol office. Mathiason then met the officer at the patrol office and was taken into an office room. There he was advised that he was not under arrest but that he was a suspect in a burglary. After a few minutes, Mathiason confessed to taking the property. The Supreme Court reversed the Oregon Supreme Court order suppressing the confession and held that the questioning of Mathiason did not take place in a custodial interrogation because Mathiason's freedom to depart was not restricted, he voluntarily went to the police station, he was not under arrest, and he left the station without restriction at the close of the interview. The Supreme Court rejected argument that notwithstanding the lack of any formal arrest or restraint, Mathiason was placed in a coercive environment which was the equivalent of a custodial interrogation.

In the present case, appellant was not placed in a custodial interrogation on November 20, 1974, at the Postal Inspectors' Office. As in *Mathiason*, the meeting was mutually arranged and took place at a Government office after the appellant voluntarily presented himself there. As in *Beckwith*, appellant was not placed under pressure during the interview. As in both *Mathiason* and *Beckwith*, appellant was not placed under arrest, and appellant's freedom of action was not restrained.

What facts there were to suggest a conclusion that appellant was in a custodial interrogation at the Postal Inspectors' Office were of the kind not accepted in *Beckwith* and *Mathiason*. Concededly, the interview of appellant by the postal inspectors was the starting point of a criminal investigation, and the focus of the investigation was primarily on appellant. These facts, however, were present in *Beckwith* and were dismissed by the Supreme Court as not producing a custodial interrogation. Appellant was interviewed in a small room with the postal inspectors, and a specific crime was in question, but again in *Mathiason* the Supreme Court was not persuaded

that there had been a custodial interrogation in a similar situation.

■  Moreover, we reject appellant's suggestion that the very giving of *Miranda* rights helped produce a custodial interrogation. The precaution of giving *Miranda* rights in what is thought could be a non-custodial interview should not be deterred by interpreting the giving of such rights as a restraint on the suspect, converting a non-custodial interview into a custodial interrogation for *Miranda* purposes.

■  Even if the November 20, 1974, meeting had been a custodial interrogation, the requirements of *Miranda* were fully satisfied. There is no question that, absent the burden placed on the government by *Miranda* to prove waiver, the statements made by appellant were made voluntarily, and appellant's contention that he did not waive his rights to remain silent and to an attorney is without merit. Appellant was advised of his rights, he understood them, and he signed a form waiving his rights. Appellant's argument that the signing of the waiver form did not effectively waive his rights since one of the postal inspectors told him that he was not giving up all his rights by signing the form fails because the postal inspector was simply explaining to appellant what rights he had under *Miranda*. *Miranda v. Arizona, supra*, 384 U.S. at 444–45, 86 S.Ct. 1602, in part holds that a person subject to a custodial interrogation may agree to talk without an attorney present without forfeiting his rights later during the interrogation to remain silent or request an attorney.

Affirmed.